UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>WICAHPE MILK,<br><br>                Defendant. | CR. 16-50118-JLV<br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JULISSA POOR BEAR and<br>HAROLD LOUIS BREWER, JR., a/k/a<br>"BABY H,"<br><br>                Defendants. | CR. 16-50149-JLV<br><br>ORDER |

      The government filed a motion for joinder of the above-captioned cases. (CR. 16-50118, Docket 75; CR. 16-50149, Docket 88). Defendant Wicahpe Milk filed a response indicating that he did not oppose joinder. (CR. 16-50118, Docket 77). Defendants Julissa Poor Bear and Harold Brewer did not file a response to the government's motion and the time for doing so has expired.

      On November 16, 2016, defendants Julissa Poor Bear and Harold Brewer were changed in a single-count indictment with conspiracy to distribute

methamphetamine in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A). (CR. 16-50149, Docket 2). On April 18, 2017, defendant Wicahpe Milk was charged in a two-count superseding indictment with the following offenses: count I, conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A); and count II: possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (CR. 16-50118, Docket 35). Both indictments indicate the alleged conspiracies began on or about January 2, 2015, and continued to on or about the date of the indictments. (CR. 16-50118, Docket 35 at p. 1; CR. 16-50149, Docket 2).

The government asserts joinder is proper under Fed. R. Crim. P. 8(b) and 13 because the defendants are alleged to be participants in the same drug conspiracy. (CR. 16-50149, Docket 88 at p. 3). The government submits the evidence will show Mr. Milk and Ms. Poor Bear "were heavily involved in the conspiracy at comparable levels" and that none of the three defendants "made admissible statements to law enforcement."[1] Id. at p. 4. The government contends "the prosecution of each case will involve extensive overlap of witnesses, including numerous cooperating [witnesses]." Id. at p. 3. The prosecution says there are 70 to 80 potential witnesses with significant overlap if the cases are tried separately. The government argues "joint trials of these

---

[1] The court suppressed Mr. Poor Bear's statement. (CR. 16-50149, Docket 78). The government asserts that if Ms. Poor Bear's statement becomes relevant at trial, her "statement did not implicate Milk in any way." (CR. 16-50149, Docket 88 at p. 4 n.2).

offenses will 'conserve funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.'" Id. at p. 4 (citing United States v. Lane, 474 U.S. 438, 449 (1986) (quoting Bruton v. United States, 391 U.S. 123, 134 (1968)).

Fed. R. Crim. P. 8 permits the joinder of defendants. That rule provides:

> Joinder of Defendants. The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Rule 13 similarly permits the court to conduct a joint trial of separate cases. "The court may order that separate cases be tried together as though brought in a single indictment . . . if all of the offenses and all of the defendants could have been joined in a single indictment . . . ." Fed. R. Crim. P. 13.

There is a clear preference for a joint trial of persons charged in a conspiracy. United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006); see also United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996) ("Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together.") (citations and internal quotation marks omitted). This clear preference for joinder may be overcome if the party moving to sever "can show that the

benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009) (citation and internal quotation marks omitted); see also United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) (In "ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. To grant a motion for severance, the necessary prejudice must be severe or compelling.") (citations and internal quotation marks omitted).

Rule 14 guides the court as to whether the government's motion for joinder should be denied. The rule provides: "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "A court will permit severance only upon a showing of real prejudice to an individual defendant." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted). "Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show that his defense is irreconcilable with the defense of his codefendant or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants. . . . The defendant carries a heavy burden in making this showing." Id. (internal quotation marks and citations omitted).

"Antagonistic defenses require severance only when there is a danger that the jury will unjustifiably infer that *this conflict alone demonstrates that both are guilty. . . .* Severance is not mandated whenever codefendants have conflicting defenses." Id. (internal quotation marks and citation omitted) (emphasis in original). Defendants have not disclosed antagonistic defenses in this case.

The court finds the inconvenience and expense of separate trials clearly outweigh any prejudice to defendants in joinder.

**ORDER**

Based on the above analysis, it is hereby

ORDERED that the government's motions for joinder (CR. 16-50118, Docket 75; CR. 16-50149, Docket 88) are granted.

IT IS FURTHER ORDERED that CR. 16-50118 and CR. 16-50149 are consolidated and all future pleadings shall be filed in CR. 16-50149.

IT IS FURTHER ORDERED that the consolidated caption in CR. 16-50149 shall identify the defendants in the following order: "Julissa Poor Bear, Harold Louis Brewer, Jr., a/k/a "Baby H," and Wicahpe Milk."

IT IS FURTHER ORDERED that count I of the indictment in CR. 16-50118 and the single-count of the indictment in CR. 16-50149 shall be consolidated and identified as count I in the jury instructions and count II of the indictment in CR. 16-50118 shall be identified as count II in the jury instructions. The verdict form for trial shall reference the same counts as indicated by this order.

IT IS FURTHER ORDERED that the order setting trial date and related matters (CR. 16-50149, Docket 94) shall be amended to join defendant Milk.

Dated October 30, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE