UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JULISSA POOR BEAR and<br>WICAHPE MILK,<br><br>                Defendants. | CR. 16-50149-02 & 03-JLV<br><br>ORDER |

**INTRODUCTION**

      A grand jury returned a four-count superseding indictment against Defendant Wicahpe Milk and his co-defendant Julissa Poor Bear. (Docket 181). Count 1 charged the defendants with conspiracy to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); Count 2 charged Mr. Milk with being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); Count 3 charged Mr. Milk with obstruction of justice in violation of 18 U.S.C. § 1503; and Count 4 charged Ms. Poor Bear with obstruction of justice in violation of 18 U.S.C. § 1503. Id. Mr. Milk filed a motion to sever counts 2 and 3 from count 1 and, in the alternative, to dismiss count 3. (Docket 204). The government resists Mr. Milk's motion. (Docket 206). After briefing was completed, the government obtained a second superseding indictment. (Docket 215). The sole purpose of the second superseding indictment was to

correct a defect in Count 2 under Rehaif v. United States, ___ U.S. ___, 139 S. Ct. 2191 (2019).[1] For the reasons stated below, Mr. Milk's motions are denied.

**ANALYSIS**

Relevant to Mr. Milk, the counts of the indictment charge as follows:

Count 1: Beginning at a time unknown to the Grand Jury but on or about January 2, 2015, and continuing to on or about the date of this Superseding Indictment [October 22, 2019], in the District of South Dakota and elsewhere, the defendants, Julissa Poor Bear and Wicahpe Milk, knowingly and intentionally, combined, conspired, confederated and agreed with persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance . . . . ["conspiracy count"];

Count 2: On or about August 17, 2016, in Rapid City, in the District of South Dakota, the defendant, Wicahpe Milk, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, and then knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, namely, a Raven MP-25, .25 caliber pistol, bearing serial number 665342, which had been previously shipped and transported in interstate and foreign commerce . . . . ["firearm count"]; and

Count 3: On or about between November 22, 2016, and July 5, 2017, in the District of South Dakota, the defendant, Wicahpe Milk, did endeavor to corruptly influence, obstruct and impede the due administration of justice in United States v. Milk, 16-CR-

---

[1] In Rehaif, the Supreme Court held the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm" under 18 U.S.C. § 922(g). Rehaif, 139 S. Ct. at 2200. For the remainder of this order the court will reference the second superseding indictment ("indictment").

>50118 and United States v. Poor Bear, *et al*, 16-CR-50149,[2] in the United States District Court for the District of South Dakota, by writing and causing to be delivered letters to a witness to discourage and alter his testimony at such proceedings described above . . . . ["obstruction count"].

(Docket 215 at pp. 1-2).

Federal Rule of Criminal Procedure 8 directs the joinder of charges against a defendant. That rule provides: "[t]he indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "The joinder of offenses pursuant to rule 8(a) is allowed in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984). "Joinder of offenses is proper where the . . . counts refer to the same type of offenses . . . and the evidence as to [the] counts overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979).

Even though counts of an indictment may be properly joined, the court must determine if under Rule 14 the counts should be severed to avoid undue

---

[2]On October 30, 2018, the court consolidated the cases in CR-16-50149. (Docket 95 at p. 5).

prejudice to the defendant. The rule provides: "[i]f the joinder of offenses . . . appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"Even if charges are properly joined under Rule 8, a district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges." United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [he] would have had in a severed trial . . . ." Id. at 625-26 (internal citation omitted). "[T]here is a strong presumption against severing properly joined counts . . . [and] [t]he defendant bears the burden of establishing prejudice." Id. at 626. "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Rodgers, 732 F.2d at 630 (internal citation omitted).

"Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show . . . that the jury will be unable to compartmentalize the evidence . . . . The defendant carries a heavy burden in making this showing." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted).

4

"[S]everance of counts [is required] only when a defendant has made a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." United States v. Jardan, 552 F.2d 216, 220 (8th Cir. 1977) (internal quotation marks and citation omitted). "In making such a showing, it is essential that the defendant present enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other to satisfy the court that the claim of prejudice is genuine and to enable [the court] intelligently to weigh the considerations of 'economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.' " Id. (internal citation omitted). See also United States v. Possick, 849 F.2d 332, 338 (8th Cir. 1988) ("In order to gain a severance, a defendant must make a persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts."). A defendant does not satisfy this burden by simply suggesting he may want to testify on one count, but not another. Jardan, 552 F.2d at 220.

**COUNT 2**

Mr. Milk asserts the firearm count must be severed from the conspiracy count because "[t]here is nothing in the indictment alleging that the gun charge was or is related to Milk or that it was related to any drug activity." (Docket 204 at p. 5). Mr. Milk argues United States v. Chavis, 296 F.3d 450 (6th Cir.

2002), is an "identical situation" to the case before the court and warrants severance.  Id. at pp. 4-5.

The government opposes defendant's motion.  (Docket 206).  The government contends it "will offer evidence the defendant possessed the firearm in the course of and during the drug conspiracy. . . . [And] that law enforcement recovered drugs with the firearm in the same location."  Id. at p. 4.  Because "there is an evidentiary overlap between charges demonstrating interrelatedness," the government argues "the Eighth Circuit has previously upheld joinder."  Id. at pp. 4-5 (referencing United States v. Colhoff, 833 F.3d 980, 983 (8th Cir. 2016).

The court finds joinder of the conspiracy count and the firearm count is proper.  Accepting the government's summary of the evidence, the two counts are connected by the same evidence and constitute parts of a common scheme or plan.  Fed. R. Crim. P. 8(a).  Unlike Chavis, Mr. Milk is alleged to have possessed the firearm during the time of the conspiracy count and there is "a common thread of an overarching criminal scheme connecting these two crimes."  Chavis, 296 F.3d at 458.  "[E]vidence pertaining to both charges . . . [would be] admissible in separate trials [and Mr. Milk] . . . cannot show a reasonable probability that joinder [would] affect[] the outcome of the proceedings."  Colhoff, 833 F.3d at 983-84.

Defendant's motion to sever count 2 is denied.

**COUNT 3**

SEVERANCE

Mr. Milk contends the obstruction count must be separated from the conspiracy count and the firearm count because 'the obstruction charge is not based on the same act or transaction as either of the previous charges." (Docket 204 at p. 2). The defendant argues because the obstruction count "is based on two letters that [he] allegedly sent to other inmates at the Pennington County Jail discussing his case, one sent on November 22, 2016, and the other sent on July 5, 2017[,]" the letters "have no relationship with" the other counts. Id. For that reason, Mr. Milk asserts "[t]here is no duplication of evidence on any of the counts." Id. (referencing United States v. Rajewski, 526 F.2d 149 (7th Cir. 1974)).

Mr. Milk argues any "reference to the two letters, if they are as incriminating as the government suggests in this case, is tantamount to an admission that defendant committed the [other] offenses[.]" Id. at p. 3. He claims at trial "[h]e can testify that neither the drugs [n]or the gun were his, but if so why did he write the letters. And he can hardly elect to testify on some but not all the Counts and must make the decision to testify as to all or none of the Counts." Id. Because of this apparent dilemma, Mr. Milk asks the court to use its discretion under Fed. R. Crim P. 14 "to sever the Counts even if they are properly joined." Id. (referencing United States v. McCarter, 316 F.3d 536, 538 (5th Cir. 2002)).

If severance is not appropriate, Mr. Milk separately argues the obstruction count is duplicitous as it is "connected with or constitutes parts of a common scheme or plan." Id. Defendant contends the obstruction count is "part of the overall conspiracy" of the conspiracy count. Id. (referencing United States v. Manton, 107 F.2d 834 (2d Cir. 1939)).

The government asserts defendant's argument is misplaced because "[t]he obstruction count is res gestae of the conspiracy case." (Docket 206 at p. 5). It argues defendant "is attempting to protect the conspiracy conduct by affecting the witness testimony, therefore it is of a same or similar character and connected with a common scheme or plan." Id. The government submits "if the witness who received the obstruction notes from Milk testifies, he can be examined or potentially impeached under oath about the effect of such letters on his testimony." Id. (referencing United States v. Berardi, 675 F.2d 894 (7th Cir. 1982)).

Obstruction of justice by "[w]itness tampering is 'factually interrelated' with the proceedings in which the defendant [allegedly] attempted to interfere." Colhoff, 833 F.3d at 983 (citing United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002); referencing United States v. Mann, 701 F.3d 274, 289-90 (8th Cir. 2012). "Joinder of a tampering or obstruction charge with an underlying substantive offense is proper, because the former is 'connected to, and interrelated with' the latter." Id. (citing United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005)). Evidence of the defendant's alleged witness

8

"tampering would [be] admissible in a stand-alone conspiracy trial as an act in furtherance of the conspiracy to show the existence of an agreement." Id. "At least some evidence of the drug conspiracy would be admissible to show motive in a stand-alone prosecution for attempting to intimidate [the recipient of the letters]." Id.

"Obstruction counts are properly joined with substantive counts where the 'obstruction charge is connected to, and interrelated with' the substantive charges." Mann, 701 F.3d 274 at 290 (referencing Little Dog, 398 F.3d at 1037). In Little Dog, the court concluded:

> Little Dog's obstruction charge is connected to, and interrelated with the sexual abuse charges. If the district court had severed the charges, evidence of Little Dog's attempt to tamper with or influence witnesses would have been admissible in his sexual abuse trial to show criminal intent and state of mind. In a separate trial for obstruction, evidence of Little Dog's sexual abuse of MRL would be required to show his motive for seeking to influence Red Legs' sisters into giving false testimony about MRL. Therefore, the "evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime."

Little Dog, 398 F.3d at 1037 (citing United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996)).

Mr. Milk's generalized argument that he might want to testify about the conspiracy count or the firearm count but not the obstruction count does not satisfy the "persuasive and detailed showing" required to "gain a severance." Possick, 849 F.2d at 338; see also Jardan, 552 F.2d at 220 (A defendant does

not satisfy this burden by simply suggesting he may want to testify on one count, but not another.).

Defendant's motion to sever count 3 is denied.

CONSTITUTIONALITY

Mr. Milk separately challenges the constitutionality of 18 U.S.C. § 1503. He argues "the statute contains the amorphous, non-definite, and totally vague phrase 'due administration of justice.'" (Docket 204 at p. 3). Defendant submits § 1503 "lack[s] sufficient definiteness or specificity[, is] void and run[s] afoul of the due process clause because [it] fail[s] to give guidance to the public, to advise defendants of the nature of the offense for which they are charged, or give guidance to the courts." Id. at pp. 3-4 (referencing Cantwell v. Connecticut, 310 U.S. 296, 298 (1940)). Mr. Milk contends "[t]he phrase 'due administration of justice' means about anything that a prosecutor or judge says it is and for this reason is unconstitutional." Id. at p. 4. He argues § 1503 is vague, like many other criminal statutes which "have been invalidated because of vagueness." Id. (referencing Lanzetta v. New Jersey, 306 U.S. 451 (1939) (New Jersey statute making it a penal offense to be a gangster); Edelman v. California, 344 U.S. 357 (1953) (California statute making it a penal offense to be a vagrant); Papachristou v. City of Jacksonville, 405 U.S. 156 (1972) (Florida municipal ordinance making it a penal offense to be a vagrant); Smith v. Goguen, 415 U.S. 566 (1974) (Massachusetts flag misuse statute).

10

As a separate constitutional challenge, Mr. Milk argues the obstruction count is based on conduct and action "that is protected by the First Amendment right of free speech and association within the confines of the jail facility[.]" Id. In defendant's view, the obstruction count "burdens" his right to "communicate and associate with other inmates" and "cannot be the basis of a criminal prosecution[.]" Id.

The government counters that "[t]he phrase 'due administration of justice' is not unconstitutionally vague." (Docket 206 at p. 1). The government asserts § 1503 has been analyzed by the Supreme Court and found to be constitutional. Id. (referencing United States v. Aguilar, 515 U.S. 593, 600 (1995); Marinello v. United States, ___ U.S. ___, 138 S. Ct. 1101, 1106 (2018) (upholding the analysis of Aguilar).

The government contends Mr. Milk's First Amendment argument fails. It argues "the defendant was intending on dissuading the witness from testifying, which would constitute disobedience of courtroom proceedings and an oath by the witness. Further, Milk was attempting to do so in a covert manner, suggesting the defendant had the intent to impede or otherwise effect the witness' testimony, which is unlawful." Id. at p. 3 (referencing United States v. Parker, 871 F.3d 590 (8th Cir. 2017)).

Relevant to this case, section 1503 provides:

> Whoever . . . corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration

11

> of justice, shall be punished as provided in subsection (b). If the offense under this section occurs in connection with a trial of a criminal case, and the act in violation of this section involves the threat of physical force or physical force, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

18 U.S.C. § 1503(a). The potential punishment relevant to this case for a violation of § 1503(a) is "imprisonment for not more than 10 years, a fine . . . or both." Id. § 1503(b).

"The action taken by the accused must be with an intent to influence judicial or grand jury proceedings; it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the court's or grand jury's authority." Aguilar, 515 U.S. at 599. Aguilar explained the relationship between a defendant's conduct and a judicial proceeding.

> Some courts have phrased this showing as a "nexus" requirement—that the act must have a relationship in time, causation, or logic with the judicial proceedings. . . . In other words, the endeavor must have the natural and probable effect of interfering with the due administration of justice. . . . This is not to say that the defendant's actions need be successful; an endeavor suffices. . . . But . . . if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct.

Id. (internal quotation marks and citations omitted). "Our reading of the statute gives the term 'endeavor' a useful function to fulfill: It makes conduct punishable where the defendant acts with an intent to obstruct justice, and in a manner that is likely to obstruct justice, but is foiled in some way." Id. at 601-02.

"Correct application of Section 1503 thus requires, in a very real sense, that the factfinder discern—by direct evidence or from inference—the motive which led an individual to perform particular actions. . . . 'Intent may make any otherwise innocent act criminal, if it is a step in a plot.'" United States v. Cueto, 151 F.3d 620, 631 (7th Cir. 1998) (citing United States v. Cintolo, 818 F.2d 980, 991 (1st Cir. 1987) (quoting Badders v. United States, 240 U.S. 391, 394 (1916)). "Therefore, it is not the means employed by the defendant that are specifically prohibited by the statute; instead, it is the defendant's corrupt endeavor which motivated the action." Id.

"The obstruction of justice statute [18 U.S.C. § 1503] . . . contains a clear *mens rea* requirement that limits its scope to those who 'corruptly' or intentionally seek to obstruct the due administration of justice." United States v. Jeter, 775 F.2d 670, 675-76 (6th Cir. 1985). "The statutory language clearly encompasses 'endeavors' or *attempts* to obstruct the administration of justice regardless of the success in actual obstruction." Id. at 675 (emphasis in original).

In Jeter, the court found no "constitutionally cognizable speech-act" by the defendant. Id. at 678. "Rather than publish the information to the general public, Jeter clearly attempted to keep his illicit action secret from all persons but the grand jury targets and his other co-conspirators. His conduct would seem to constitute merely another type of ordinary criminal communication in a conspiracy that has been traditionally found undeserving

13

of any First Amendment protection." Id. (referencing Frohwerk v. United States, 249 U.S. 204, 206 (1919) ("[T]he First Amendment while prohibiting legislation against free speech as such cannot have been, and obviously was not, intended to give immunity for every possible use of language. . . . We venture to believe that neither Hamilton nor Madison, nor any other competent person then or later, ever supposed that to make criminal the counselling of a murder within the jurisdiction of Congress would be an unconstitutional interference with free speech.")). "The obstruction of justice statute [18 U.S.C. § 1503] possesses a limited standard of culpability that confines its coverage to constitutionally unprotected activity, which stems from its explicit *mens rea* requirement that a person must 'corruptly' endeavor to interfere with the due administration of justice. Thus one must impede the due administration of justice with the general intent of knowledge as well as the specific intent of purpose to obstruct." Id. at 679 (emphasis omitted). When a defendant seeks to threaten a government witness or silence a trial witness, "[t]he First Amendment does not shield such speech." Parker, 871 F.3d at 605.

The court finds § 1503 "is neither overbroad under the First Amendment nor void-for-vagueness under the Fifth Amendment." Jeter, 775 F.2d at 679. It will be a jury function to determine whether Mr. Milk was simply communicating with fellow inmates or corruptly endeavoring to interfere with the due administration of justice.

Defendant's constitutional challenges to count 3 are denied.

14

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's motion to sever counts 2 and 3 or, in the alternative, to dismiss count 3 (Docket 204) is denied.

IT IS FURTHER ORDERED that a scheduling order shall be entered.

Dated November 25, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE